UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY LITTRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:13-cv-00240-JMS-MJD |
| | ) | |
| J. F. CARAWAY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The petitioner's request to be supplied with a copy of the docket sheet [dkt. 7] is **granted.** The clerk shall include a copy of the requested document with the petitioner's copy of this Entry.

2. The clerk shall also include a copy of the 17-page petition for writ of habeas corpus (not including the many exhibits) with the petitioner's copy of this Entry.

3. The petitioner's *in forma pauperis* is of no effect in relation to the filing fee, which has been paid, but that request is understood as demonstrating in conjunction with his motion for appointment of counsel that he lacks the means to employ counsel in a conventional fashion.

4. The petitioner=s motion to appoint counsel has been considered.

    a. The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner

whenever it "determines that the interests of justice so require. . . ." 18 U.S.C. ' 3006A(a)(2)(B). Whether to appoint counsel is committed to the discretion of the trial court. *United States v. Evans,* 51 F.3d 287 (10th Cir. 1995).

b.   Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

c.   Application of the foregoing factors in this case indicates that the petitioner=s claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that due allowance to the petitioner=s *pro se* status will be made and that the petitioner has at least thus far demonstrated exceptional ability to express and present his claims. The first two of these factors emerge from the extensive collateral challenges the petitioner has already made in the trial court and elsewhere. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action and the petitioner is literate and seems fully aware of the proceedings involving his conviction and sentence in the United States District Court for the Eastern District of Missouri.

d.   These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel [dkt. 5] is **denied.**

IT IS SO ORDERED.

07/23/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY C. LITTRELL
30564-044
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808