# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY LITTRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:13-cv-00240-JMS-MJD |
| J. F. CARAWAY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

Anthony Littrell is confined in this District serving a sentence of 480 months imprisonment following his conviction of several methamphetamine and firearms offenses in the United States District Court for the Eastern District of Missouri. *See United States v. Anthony Littrell,* 439 F.3d 875 (8th Cir. 2006). He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that there were irregularities and errors in his prosecution and conviction. These are renewals of the claim presented and rejected in his motion for relief pursuant to 28 U.S.C. § 2255. *See Littrell v. United States*, 2009 WL 5220156 (E.D.Mo. Dec. 31, 2009). The court also notes that this action is a repetition of the habeas filing in *Littrell v. Maye*, 2012 WL 2993886 (D.Kan. July 20, 2012).

Littrell's filings make reference to Rule 60(b) of the *Federal Rules of Civil Procedure.* His filings cannot be treated as such a motion, however, because this is not the trial court.

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Nevertheless, 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court

conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. *Valona v. United States*, 138 F.3d 693, 694–695 (9th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

As noted, Littrell has traveled this precise path in his habeas action in the District of Kansas. His effort was rejected because he failed to show that the remedy offered by 28 U.S.C. § 2255 was inadequate or ineffective. That same conclusion would be reached here, and for the same reasons, if Littrell had not encountered the filing barrier created by § 2244(a) in attempting to use § 2241 to repeat arguments previously presented to other courts in other circuits. Accordingly, his petition for writ of habeas corpus is **denied.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 04/29/2014

*Signature: Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

ANTHONY C. LITTRELL
30564-044
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808